IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> MICHAEL MILCHIN | CRIMINAL ACTION <br> NO. 17-00284-1 |

PAPPERT, J.                                                                                       January 7, 2021

### MEMORANDUM

Michael Milchin seeks compassionate release. The Court denies the Motion because extraordinary reasons do not warrant Milchin's release and, in any event, the factors under 18 U.S.C. § 3553(a) counsel against granting relief.

I

A

Milchin pleaded guilty in February of 2018 to health care fraud, conspiracy to commit health care fraud, distribution of oxycodone, conspiracy to distribute oxycodone and possession of oxycodone with intent to distribute. (Minute Entry 1, ECF No. 264.) For approximately two years Milchin, then a business manager at a chiropractic office, conspired with a licensed chiropractor to defraud health insurers by billing for chiropractic services never rendered. (Gov't Resp. to First Mot. for Release 1, ECF No. 442). After insurers caught on to his scheme, he organized and led a drug trafficking operation for approximately three years. (*Id.* at 1–2). He used fraudulent prescriptions, which he and co-conspirators forged purporting to be physicians, and various "runners" to bring hundreds of thousands of oxycodone pills to the street. (*Id.*) Many of the individuals who filled these fraudulent prescriptions enabling Milchin to make money were severely addicted themselves. Some of them have since died as a

1

result of their addictions.  *See, e.g.*, (Probation Officer Report and Order 2, ECF No. 427).

The Court sentenced Milchin to 168 months' incarceration and ordered him to pay restitution to the health insurers he defrauded.  (Judgment 2, 6, ECF No. 297.)  So far, he has served approximately forty-three months of his sentence.  *See* (Suppl. First Mot. for Release 2, ECF No. 444).  He is forty years old and his anticipated release date is June 27, 2029.  *See* (*id.*).

B

On May 18, 2020, Milchin filed a *pro se* Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  *See generally* (First Mot. for Release, ECF No. 437).  He filed a counseled Supplemental Motion on July 20.  In those Motions, he argued his obesity, high cholesterol, melanoma, history of heart and respiratory problems and history of smoking provided extraordinary and compelling reasons for his release amid the COVID-19 pandemic because his conditions elevated his risk of serious illness or death from the virus.  *See* (First Mot. for Release 1); (Suppl. First Mot. for Release 1).  He also argued his chances of contracting COVID-19 were higher in prison than they would be if he were released.  *See* (Suppl. First Mot. for Release 2–12).

His medical records, which the Government submitted to the Court with its response to Milchin's Motions, did not suggest he suffered current cardiac or respiratory issues and did not corroborate his melanoma or high cholesterol.  (Suppl. Gov't Resp. to First Mot. for Release 3, ECF No. 454); *see generally* (Gov't Ex., ECF No. 455).  His BMI fluctuated above and below the CDC's obesity threshold and he would "move[] out of the risk zone just by again losing a few pounds."  (Suppl. Gov't Resp. to

First Mot. for Release 14.)  The Government noted Milchin served a fraction of his sentence and he continued to present a danger to the community based on his serious offense and ongoing engagement in prohibited conduct in prison.  *See* (*id.*).

The Court denied Milchin's Motion on August 4, agreeing he did not present extraordinary and compelling reasons for relief and, even if he had, the 18 U.S.C. § 3553(a) factors counseled against his release.  *See* (Order Denying Release, ECF No. 459); *see generally* (Mem. Denying Release, ECF No. 458).

C

Milchin now again seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues his heart and respiratory issues, obesity, history of smoking, vitamin D deficiency and a recent skin rash, "combined with the explosion of the [COVID-19] pandemic," provide extraordinary and compelling reasons for his sentence reduction. *See* (Second Mot. for Release 1–2, ECF No. 463); (Def.'s Ex. 2, ECF No. 464).

Since Milchin's last Motion, the CDC has added smoking to the list of conditions that may increase risk of severe illness from COVID-19.  (Gov't Resp. to Second Mot. for Release 2, ECF No. 467.)  Milchin's BMI has increased from 30.5 to 32.2.  (*Id.* at 2.)  He had bronchitis in September of 2020 and was provided an Albuterol inhaler for use as needed.  (*Id.* at 3.)

II

A

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).  Before releasing an inmate, a court must also "consider[] the factors set forth in section 3553(a)."  *Id.*  Relevant factors include "the nature and

circumstances of the offense" and the need for the sentence "to reflect the seriousness of the offense," provide "just punishment for the offense" and "protect the public from further crimes of the defendant." *Id.* § 3553(a)(1), (2)(A), (C).

B

Milchin has not presented extraordinary and compelling reasons for his release. The new medical conditions he alleges, vitamin D deficiency and a skin rash, are not COVID-19 risk factors. *See* Coronavirus Disease 2019, *People at Increased Risk*, Center for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 7, 2021).

With respect to those conditions he now references a second time, he does not provide any proof of any cardiac issues. While he has gained some weight, he remains just "slightly obese." *United States v. Wilson*, No. 5:08-CR-50051-03, 2020 WL 5943009, at *3 (D.S.D. Oct. 7, 2020); *see also United States v. Wyatt*, No. 12-64, 2020 WL 738929, at *5 (D. Del. Dec. 16, 2020) (denying compassionate release where BMI of 33 on "lower end of obesity BMI scale"). And the CDC's addition of smoking to its list of COVID-19 risk factors is insufficient to warrant Milchin's release based on his history. Milchin has not smoked for over three years and had a positive chest x-ray, which found his lungs were clear, in September of 2020. *See* (Def.'s Ex. 2); (Gov't Resp. to Second Mot. for Release 3). There is no evidence his bronchitis diagnosis last September bore any relationship to his smoking history. Moreover, any respiratory issues he may have appear to be under control with his rescue inhaler and the Albuterol inhaler he received following his bronchitis diagnosis. *See* (Def.'s Ex. 2); *United States v. Hoopes*, No. 16-509-02, 2020 WL 6889211, at *4 (E.D. Pa. Nov. 24, 2020) (denying compassionate

release for seventy-three year old obese former smoker with potential autoimmune disease because "[h]is current conditions are well-controlled with medication and he does not present any impediment to his ability to provide self-care in the institution.").

C

Even if extraordinary and compelling reasons did exist for Milchin's release, the 18 U.S.C. § 3353(a) factors counsel against releasing him for the reasons stated in the Court's August Memorandum. He has yet to serve even one third of his sentence for his serious crimes and he remains a danger to the community.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.