IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| v. | NO. 17-00284-1 |
| MICHAEL MILCHIN | |

**PAPPERT, J.**  June 30, 2021

## MEMORANDUM

Michael Milchin seeks for the third time compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court denies the Motion because the factors under 18 U.S.C. § 3553(a) counsel against granting relief.

I

Milchin is currently serving a 168-month prison sentence after pleading guilty to health care fraud, conspiracy to commit health care fraud, distribution of oxycodone, conspiracy to distribute oxycodone and possession of oxycodone with intent to distribute. (Judgment 1, ECF 297.) He sought compassionate release in May and December of 2020, *see generally* (First Mot. for Release, ECF 437); (Second Mot. for Release, ECF 463), and the Court detailed the factual and procedural history of his case as well as his arguments for release at those times in its Memoranda denying those Motions, *see* (Aug. 4, 2020 Mem., ECF 458); (Jan. 7, 2021 Mem., ECF 468).

In his most recent attempt to get out of jail, Milchin again claims his health presents an extraordinary and compelling reason for relief and explains that since his last Motions he has gained weight, suffered from a continuous skin infection and had a biopsy performed on a skin lesion to check for basal cell carcinoma. (Third Mot. for Release 1, ECF 476); (Reply 2, ECF 486.) He points out he has now served "over 31%"

1

of his sentence. (Third Mot. for Release 3.) And he opines, as he has before, that he is not a threat to the community because he had no criminal record before his current offenses. (*Id*. at 5.)[1]

Milchin's medical records show he gained weight between September of 2020 and March of 2021 and has recently suffered from skin rashes and eruptions.[2] *See, e.g.* (Gov't Ex. to Resp. to Third Mot. for Release 2–3, 8, 11–14, 16–21, 25–26, 28, 30, 38, 41, 43, 45–47, 56, 71–72, 75, 89). They also confirm a dermatologist performed a nasal biopsy that revealed "evidence of basal cell carcinoma" and list basal cell carcinoma among his "current" health problems. *See* (*id*. at 3–4, 6, 8, 88). Several records suggest Milchin met or was supposed to meet with a dermatologist "for further evaluation" of his biopsy results, but none document any follow up or if or how this condition has been treated. *See* (*id*.).

Milchin's records further show he refused the Moderna COVID-19 vaccine, though those records do not indicate why. (*Id*. at 92, 117.)

---

[1] Milchin additionally mentions there is a sentence disparity between him and his co-defendants that he believes home confinement "would correct." As an initial matter, "[c]ompassionate release does not give federal courts free rein to reassess lawfully imposed sentences; it 'is not an opportunity to second guess or to reconsider whether the original sentence was just.'" *United States v. Andrews*, 480 F. Supp. 3d 669, 679 (E.D. Pa. 2020) (quoting *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020)). In any event, Milchin already appealed his sentence and the Third Circuit Court of Appeals affirmed it. *See United States v. Milchin*, 816 F. App'x 711, 711 (3d Cir. 2020). Moreover, the Court is not empowered to convert Patel's prison term into one of home confinement. *See* 18 U.S.C. § 3624(c)(2); *United States v. Komoroski*, 467 F. Supp. 3d 227, 241 (M.D. Pa. 2020) ("[T]he court has no authority to direct the BOP to place [defendant] in home confinement and the determination of which defendant qualifies for home confinement under the CARES Act is with the BOP Director."); *see also United States v. Tapia*, 564 U.S. 319, 331 (2011) (explaining that once "a court sentences a federal offender, the BOP has plenary control" over where the prisoner serves his sentence).

[2] Milchin's weight changed from 223 to 246 pounds during this period, *see* (Gov't Ex. to Resp. to Third Mot. for Release 75, ECF 483), and Milchin represents his BMI is "well over" 35, *see* (Third Mot. for Release 1). The medical records submitted to the Court in connection with Milchin's current Motion do not corroborate this number or otherwise indicate Milchin's current BMI. *See generally* (Gov't Ex. to Resp. to Third Mot. for Release).

II

A

A district court may reduce an inmate's sentence as a form of compassionate release only if it finds that (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the sentencing factors set forth in § 3553(a), to the extent they are applicable, warrant a reduction ; and (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Relevant § 3553(a) factors a court must consider include the "need for the sentence imposed—to reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense" and "protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1), (2)(A), (C).  The applicable Sentencing Commission policy statement requires a court to determine a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g)" prior to release.  U.S.S.G. § 1B1.13.

B

Milchin's medical records do not shed light on the current status of his basal cell carcinoma or how the prison medical department has dealt with it.  Accordingly, Milchin has not demonstrated this condition presents an extraordinary and compelling reason warranting his release.  *See United States v. Smith*, No. 2:15-CR-170, 2021 WL 1061165, at *4 (E.D. Cal. Mar. 18, 2021) (finding basal cell carcinoma presented extraordinary and compelling reason to grant compassionate release where circumstances of condition indicated defendant needed to "see[] a medical doctor for followup now as soon as possible"); *but see United States v. Ranieri*, 468 F. Supp. 3d

566, 568 (W.D.N.Y. 2020) ("defendant's treatment for basal cell carcinoma is not life threatening and does not fit within any one of the categories mentioned by the Center for Disease Control ("CDC") that makes one more vulnerable to contracting the COVID-19 virus").  His purported weight gain does not move the needle either.  *See, e.g.*, *United States v. Bell*, No. 15-cr-603, 2021 WL 303009, at *2 (D.N.J. Jan. 29, 2021) (BMI of 37.7 not extraordinary and compelling reason for release); *United States v. Donaghy*, No. 17-039, 2020 WL 4805353, at *3 (E.D. Pa. Aug. 18, 2020) (BMI of 34, smoking history and heart conditions not extraordinary and compelling); *United States v. Holmes*, No. 08-495, 2020 WL 4504440, at *2 (E.D. Pa. Aug. 5, 2020) (BMI of 36.8, medicated asthma and hypertension not extraordinary and compelling); *United States v. Davenport*, No. 1:08-CR-424, 2020 WL 3432630, at *3 (M.D. Pa. June 23, 2020) (BMI of 39.2, hypertension, hyperlipidemia and sleep apnea not extraordinary and compelling); *United States v. Bleicher*, No. 19-99, 2020 WL 2744606, at *3 (D.N.J. May 27, 2020) (BMI of 37.3, high blood pressure and past respiratory issues not extraordinary and compelling).

Even if extraordinary and compelling reasons did exist for Milchin's release, his release continues to be unwarranted based on the § 3553(a) factors.  *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (affirming denial of compassionate release for at-risk inmate because "the § 3553(a) factors weigh[ed]" against release).  In addition to abusing his position at a chiropractic office to defraud health care insurers, Milchin masterminded a years-long scheme to enrich himself by callously using numerous individuals hopelessly addicted to opioids, some of whom have since died because of their addictions, to fill fake prescriptions and broadly distribute hundreds of

4

thousands of highly addictive oxycodone pills into the community. *See* (Gov't Resp. to First Mot. for Release 1–2, ECF 442); (Report and Order Terminating Supervised Release Due to Death of Defendant Palatnik, ECF 427); (Report and Order Terminating Supervised Release Due to Death of Defendant Tham Kith, ECF 429); (Report and Order Terminating Supervised Release Due to Death of Defendant Xayavongsithideth, ECF 462). His actions irreparably damaged countless lives and demonstrated a complete disregard for public health and safety. That Milchin feels he is not a danger to the community is of no consequence to the Court because his actions show that he is. *See* 18 U.S.C. §§ 3142(g), 3553(a)(2)(C). That Milchin has served only thirty-one percent of his well-deserved sentence is not compelling either. Releasing Milchin at this early stage of his incarceration would ignore the nature and circumstances as well as the seriousness of his offenses and fail to promote respect for the law or provide just punishment. *See id.* at §§ 3553(a)(1), (a)(2)(A).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.