IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 17-00284-1 |
| MICHAEL MILCHIN | |

PAPPERT, J.                                                                                               January 21, 2022

## MEMORANDUM

For the fourth time in less than two years, Michael Milchin moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the fourth time, the Court denies his motion.

I

Milchin is currently serving a 168-month prison sentence for health care fraud, conspiracy to commit health care fraud, distribution of oxycodone, conspiracy to distribute oxycodone and possession of oxycodone with intent to distribute. (Judgment 1, ECF 297.) He sought compassionate release in May and December 2020, then again in April 2021. *See* (First Mot. for Release, ECF 437; Second Mot. for Release, ECF 463; Third Mot. for Release, ECF 476). The Court detailed the factual and procedural history of his case in its memoranda denying his first two motions. *See* (Aug. 4, 2020 Mem., ECF 458; Jan. 7, 2021 Mem., ECF 468).

Mitchell's most recent motion retreads old ground. Again, he argues the coronavirus pandemic, the basal cell carcinoma on his nose, and the difference between his sentence and those of his codefendants are extraordinary and compelling reasons for

1

reducing his sentence, and that the § 3553(a) factors support such a reduction. *See* (Fourth Mot. for Release, ECF. 495).[1]

In early April 2021, after Milchin filed his third compassionate release motion, a medical provider scheduled a follow-up appointment with a dermatologist regarding his basal cell carcinoma. (Gov't Resp., Exhibit A at 28, ECF 497.) The dermatologist recommended surgical excision, and Milchin met with a surgeon on July 23, 2021. (*Id.* at 25, 82, 86). The surgeon concurred with the dermatologist's recommendation, but Milchin declined surgery because he wanted to "pursue [it] after leaving FCI." (*Id.* at 82.) The surgeon discussed the risks of delaying surgery with Milchin. (*Id.*) Ultimately, he instructed Milchin to apply imiquimod cream to his nose five times per week for six weeks. (*Id.* at 2, 82.) The surgeon recommended a follow-up appointment in three weeks, but there is no evidence it occurred. (*Id.*) At his most recent medical appointment, Milchin's provider indicated Milchin had completed imiquimod treatment and ordered a "routine" surgery consult with a target date of May 23, 2022. (*Id.* at 2).

Milchin's medical records also reveal that he refused the coronavirus vaccine on January 7, 2021. (*Id.* at 64, 99.) His reasons for doing so are unexplained.

## II

### A

A district court may reduce a defendant's sentence as a form of compassionate release if "extraordinary and compelling reasons warrant such a reduction" and a

---

[1] Milchin requests to "finish his sentence with his family at home confinement." (Mot. at 1.) But the Court cannot order the Bureau of Prisons to transfer Milchin to home confinement. Only the Director of the Bureau of Prisons has the authority to grant such a request. *See United States v. Caraballo*, No. CR 14-0255, 2022 WL 60697, at *1 n.2 (D.N.J. Jan. 6, 2022); *United States v. Payne*, No. 15-376-009, 2021 WL 5141855, at *2 (E.D. Pa. Nov. 4, 2021).

reduction is consistent with the sentencing factors listed in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Relevant § 3553(a) factors a court must consider include the "need for the sentence imposed—to reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A), (C).

B

Milchin's basal cell carcinoma is not an extraordinary or compelling reason for reducing his sentence, either alone or in combination with COVID-19. Milchin's medical records refute his claim that the Bureau of Prisons neglected his cancer. Instead, it was he who refused the treatment recommended by the dermatologist and surgeon he saw while in BOP custody. The BOP continues to monitor Milchin's nose and appears to be in the process of scheduling him for another appointment with a surgeon. Milchin presents no evidence to suggest he cannot receive proper care while in federal custody. Any risks associated with the basal cell carcinoma stem primarily from his refusal to have it excised until after his release, not from the prison's failure to treat him.

For similar reasons, COVID-19 is not an extraordinary or compelling reason to reduce Milchin's sentence. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). At a minimum, Milchin must identify some condition that puts him at particular risk. *See United States v. Ulmer*, No. 18-00579-3, 2021 WL 844579, at \*1 (E.D. Pa. Mar. 5, 2021). He has not. There is no indication that his basal cell carcinoma makes him more

3

susceptible to COVID-19, *see United States v. Ranieri*, 468 F. Supp. 3d 566, 568 (W.D.N.Y. 2020); *United States v. Burkholder*, No. 12-240, 2020 WL 3643434, at *2 (D. Nev. July 3, 2020), and the Court has previously found his other conditions are not serious enough to constitute extraordinary and compelling reasons for his release, (June 30, 2021 Mem. at 4, ECF 487; Jan. 7, 2021 Mem. at 4–5).

Even if Milchin's conditions did render him more vulnerable to COVID-19, his unexplained refusal to be vaccinated would defeat his compassionate release claim. *See United States v. Church*, No. 21-1840, 2021 WL 5632062, at *2 (3d Cir. Dec. 1, 2021); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("A prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an "extraordinary and compelling" justification for release. The risk is self-incurred.").

Milchin also reasserts his claim that the difference between his sentence and those of his codefendants is an extraordinary and compelling reason for reducing his sentence. But since his last motion, the Third Circuit Court of Appeals confirmed that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance." *United States v. Andrews*, 12 F.4th 255, 260–61 (3d Cir. 2021). Milchin's sentence, which was upheld on appeal, cannot justify compassionate release. *See United States v. Milchin*, 816 F. App'x 711, 711 (3d Cir. 2020).

C

Finally, even if there were extraordinary and compelling reasons for reducing his sentence, the Court would deny his motion because any reduction would be inconsistent with the factors listed in § 3553(a). It adheres to its previous balancing of those factors, which is not

altered by the fact that Milchin has served marginally more of his sentence then he had last April. *See* (June 30, 2021 Mem. at 4–5).

      An appropriate Order follows.

                                        BY THE COURT:

                                        ***/s/ Gerald J. Pappert***
                                        GERALD J. PAPPERT, J.