IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 17-284-1 |
| MICHAEL MILCHIN | : |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S FIFTH MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

Defendant Michael Milchin has filed his fifth motion for compassionate release, under 18 U.S.C. § 3582(c)(1)(A)(i). This relief should again be denied, as he presents no "extraordinary and compelling reason" allowing consideration for this extraordinary remedy.

1. Milchin first states that his mother has been diagnosed with colon cancer, and he wishes to be released to assist her. However, such relief may be appropriate only where the defendant is the only available caretaker for an ailing family member, and Milchin makes no such claim. In fact, it appears that his mother lives with her husband, who is approximately 69 years old, and also has another son who lives nearby. *See* PSR ¶¶ 129-130.[1] Relief is not available on this basis. *See United States v. Rooks*, 2022 WL

---

[1] Courts have previously held that, consistent with the current guideline policy statement that limits qualifying family circumstances to the need to care for spouses or minor children, *see* U.S.S.G. § 1B1.13 app. note 1(C), the desire to care for a parent, grandparent, or other family member does not qualify as extraordinary and compelling. *See, e.g., United States v. Siberio-Rivera*, 2020 WL 7353367, at *1 (E.D. Pa. Dec. 15,

267899, at *6 (E.D. Pa. Jan. 28, 2022) (Kenney, J.) (the defendant fails to show that he is the only available caregiver for his child; to prevail on such a claim, "a defendant typically must establish that all other potential caregivers for their minor child are incapacitated. . . . To prove incapacitation, a defendant must establish a person is 'completely disabled' or unable to 'carry on any self-care and [are] totally confined to a chair or bed.' . . . Moreover, it is not enough to show a potential caregiver is merely 'inconvenienced' by the childcare or 'somewhat sick.'") (citations omitted). *See also, e.g.*, *United States v. Ellsworth-Daway*, 2021 WL 2823081, at *2-3 (E.D. Pa. July 7, 2021) (Schmehl, J.) (desire to care for mother is not an extraordinary circumstance, and the defendant does not show that he is the only available caretaker in any event); *United States v. Cobb*, 2022 WL 3083034 (E.D. Pa. Aug. 3, 2022) (Kearney, J.) (the defendant fails to show that his mother is entirely incapacitated, or that he is the only available caregiver); *United States v. Cruz-Rivera*, 2020 WL 5993352, at *7 (E.D. Pa. Oct. 9, 2020) (Slomsky, J.) (the defendant does not carry his burden to show that his wife is incapacitated due to her breast cancer or diabetes, or that he would be the only available

---

2020) (Pappert, J.) ("Judges in this District have yet to find care for elderly or ill parents rises to the level of extraordinary and compelling circumstance warranting release."); *United States v. Pepper*, 851 F. App'x 890, 891 (10th Cir. 2021) (not precedential) ("caring for aging parents is not grounds for release"); *United States v. Ingram*, 2019 WL 3162305 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."). A recent proposed guideline amendment (not yet in effect) would alter that rule, and allow consideration of release to care for any immediate family member, or a person whose relationship with the defendant is similar to that of an immediate family member. But the proposal maintains the essential rule that the defendant be the only available caregiver, which is not established here.

caregiver to their minor child if his wife were incapacitated); *United States v. Moore*, 2020 WL 7024245 (E.D. Pa. Nov. 30, 2020) (Kearney, J.) (the need for care of the inmate's mother is not an extraordinary circumstance where he has a younger sister and cousin otherwise capable of taking care of his mother).

2. Milchin states he is rehabilitated. That does not provide a basis for compassionate release. 28 U.S.C. § 994(t).

3. Milchin seeks relief based on the harshness of the conditions in prison during the pandemic, involving occasional lockdowns and other ameliorative measures taken to mitigate the spread of COVID-19. But these circumstances are not unique to him, but rather were faced by all inmates as part of BOP's strenuous campaign to battle the pandemic. Courts in this Circuit have therefore consistently denied such a claim for relief. A panel of the Third Circuit did so in *United States v. Robinson*, stating, "Robinson did not point to any health conditions placing him at a higher risk of serious illness from COVID-19, nor did he describe any circumstances setting him apart from other incarcerated individuals. Robinson's generalized concerns are insufficient to constitute extraordinary and compelling reasons. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that 'the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release')." *United States v. Robinson*, 2022 WL 11005332, at *1 (3d Cir. 2022) (not precedential). *Accord United States v. Hernandez*, 2022 WL 910091, *5-6 (E.D. Pa. Mar. 28, 2022) (Leeson, J.) (prison conditions during the pandemic do not present grounds for compassionate release absent a showing of unique harm to the

petitioner); *United States v. Gupton*, 2022 WL 3448233, at *2 (E.D. Pa. Aug. 16, 2022) (Beetlestone, J.); *United States v. Brunson*, 2022 WL 3756198, at *5 (E.D. Pa. Aug. 30, 2022) (Jones, J.); *United States v. Johnson*, 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021) ("although the pandemic has made prison conditions harsher than usual, those are circumstances that all inmates have had to endure. While the Court does not minimize those difficulties, they do not rise to the level of extraordinary and compelling.").

4. Finally, Milchin states that he would face a lower guideline range under a proposed amendment to the Sentencing Guidelines provisions addressing criminal history, specifically, allowing a modest reduction for an offender like Milchin who had no criminal history points. Even with this amendment, the advisory guideline range in this case would remain well in excess of the time Milchin has served to date. And more importantly, this change cannot be a basis for compassionate release. The proposed amendment will not be in effect until November 1, 2023 (absent disapproval by Congress). And even then, it will not apply retroactively unless the Sentencing Commission, under 18 U.S.C. § 3582(c)(2), specifically decrees such an application.

Compassionate release may not be employed to challenge a sentencing calculation. As Judge Easterbrook recently summarized, and appellate courts have unanimously concluded:

> In other words, the sort of "extraordinary and compelling" circumstance that § 3582(c)(1) addresses is some new fact about an inmate's health or family status, or an equivalent post-conviction development, not a purely legal contention for which statutes specify other avenues of relief—avenues with distinct requirements, such as the time limits in § 2255(f) or the need for a declaration by the Sentencing Commission that a revision to a Guideline applies retroactively.

*United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023). *See also United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021) (a nonretroactive change in sentencing law does not provide a basis for compassionate release, as the imposition of a sentence that comported with existing law, and later nonretroactive changes to that law, do not present extraordinary situations); *United States v. Henderson*, 858 F. App'x 466, 469 & n.2 (3d Cir. 2021) (not precedential) (a previously rejected claim of sentencing error does not qualify as an "extraordinary and compelling reason" for compassionate release, and to the extent that the defendant argues that his sentence should be vacated on this basis, such a claim can be raised only in a § 2255 motion).

Should the Sentencing Commission make the change retroactive, Milchin may seek relief at that time. At present, he states no basis for consideration for compassionate release, and his fifth motion for such relief should be summarily denied.

                                  Respectfully yours,

                                  JACQUELINE C. ROMERO
                                  United States Attorney

                                  */s Robert A. Zauzmer*
                                  ROBERT A. ZAUZMER
                                  Assistant United States Attorney
                                  Chief of Appeals

                                  */s Mary Kay Costello*
                                  MARY KAY COSTELLO
                                  Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served by first-class mail, postage prepaid, upon:

>Mr. Michael Milchin
>No. 76060-066
>FCI Fairton
>P.O. Box 420
>Fairton, NJ  08320

>*/s Mary Kay Costello*
>MARY KAY COSTELLO
>Assistant United States Attorney

Dated:  July 13, 2023.