TRULINCS  76060066 - MILCHIN, MICHAEL - Unit: FAI-E-A

---------------------------------------------------------------------------------

FROM: 76060066
TO: Milchin, Maya
SUBJECT: save
DATE: 10/11/2023 08:37:12 PM

UNITED STATES DISTRICT COURT

DISTRICT OF PENNSYLVANIA

UNITED STATES
V.
MILCHIN,MICHAEL

CR.00284-1

SUPPLEMENT TO MOTION FOR EXPEDITED COMPASSIONATE RELEASE 3582

Mr. Milchin moves  the court expedited decision to reduce his time to Time served due to new family circumstances including (1) rehabilitation , (2)covid hardship, (3)medical negligence and (4)the minus 2 point reduction for "ZERO POINT " offenders.Mr.Milchin has less than 55 months remaining on his sentence not counting FSA credits , Half way house /home confinement.The most serious reason for the expedited decision is due to his mother's health which Mr.Milchin has provided updated health records.(exhibit Maya milchin records)

Electronic health records from Mount Sinai South Nassau Hospital show that Maya Milchin, Mr.Milchin's mother is currently suffering from rectal adenocarcinoma and requires neoadjuvant treatment with capecitabine radiation treatment, followed by capecitabine/oxaliplatin for 6 cycles. (total of 6 months of treatment). Surgery will follow afterwards. Mrs.Milchin has just started cycle 1 of her treatment and already has issues eating, sleeping , and caring for her self this will only get worse as the treatment continues for the next 6 months. Once Mrs.Milchin is finished she will then have surgery to remove the cancer which she will then not be able to care for her self at all. Mr.Milchin and the Milchin family request that Mr.Milchin receives time served so he can go home and be the primary care giver to his mother and help her fight this battle with a deadly disease. Any follow up information that may be needed by this court they may contact Mount Sinai South Nassau Hospital and the primary MD. Dr.Richard Mattew Lee.
CR.Family Circumstances United states v. Kehana James 2023 Lexis 169301 (W.D.Va Sept.21,2023)

Mr.Milchin Rehabilitation is also another key factor that favors a sentence reduction. Mr.Milchin has finished over 20 programs and worked as a GED instructor helping inmates receive there GED certificate . Since his arrival at Fairton Camp NJ he has completed interview skills , physical fitness, resume writing ,intermediate Spanish , electric program and worked in UNICOR (Individualized needs Plan-program review ) adding another work program to his extensive resume of programs completed since his incarceration. These programs have allowed Milchin to accrued 1655 programming days (exhibit FSA Time Credit Assessment) which translated to 365 days toward his release moving up his release date from 2029 to 2028(BOP Inmate locator website) and now has earned another 430 days toward home confinement/RRC as of 10/6/23. Mr.Milchin's pattern score is a low at 9 points and his security level is a minimum (FSA Recidivism Risk Assessment Pattern 01.03.00) showing he posses no threat to society as he is currently at a camp with no surrounding fense.He has also paid his assessment fee in full and has never missed a payment for financial obligation is his 6 plus years of incarceration's.
incarceration's/Disparity United States v. Rafael Wuiroz, 2023 Lexis 166968 (E.D.calif. Sept.19,2023)
CR.Programming United states v. Georgie Russell 2023 Lexis 166631 (D.Mont. Sept. 19 2023)
CR.Rehabilitation /Disparity/Medical United States v. Rocky Freeman 2023 Lexis 180166 (E.D. N.Y. Oct 5, 2023)
CR.Rehabiliation United States v. Jose Colon Lexis 171836 (S.D. N. Y. Sepot 26,2023)
Pepper v. United States 562 US476492,131SCT1229
United States v. Anthony Russo 2nd Cir. E.D.N.Y. 92Cr351

US v. Brown, Case No2107752,2023 USApp Lexis 21403 (4th Cir. Aug 16 2023)
recently the courts need for longer sentence's has been called into question because of COVID-19 created hardship in prison life. The 4th circuit held that the need for mordy's longer sentence has been called in to question because Covid-19 created hardship in prison life "not contemplated by the original sentencing court"and that those hardships have "undoubtedly increased his prison sentence's punitive effect". The Majority opinion said "even if those factors have been mitigated by the evolving circumstances for the pandemic, that they plagued brown at any point has made his incarceration harsher and more punitive that would other wise have been the case therefor, browns drastic sentence which might have been sufficient but not greater than necessary before the corona virus pandemic may no longer be justified.".The opinion also complained that while the district court briefly considered Mordecai's rehabilitation which included a stack of programming and mentoring work to his

TRULINCS  76060066 - MILCHIN, MICHAEL - Unit: FAI-E-A

--------------------------------------------------------------------------------------------------------

credit " it failed to weigh how those efforts ameliorated any risk posed to browns community upon his release" Citing Pepper v. US the circuit ruled that such "post-sentencing rehabilitation minimized the need for the sentence imposed to protect the public from further crimes of the defendant , and provides the most up-to-date picture of browns history and characteristics , which also favors a sentence reduction". The eastern district of new York court has stated  (amerson,05-cr-0301JS) "a day spent in prison under extreme lockdown and in well-founded fear of contracting a once in a century deadly virus exacts a price on a prisoner beyond that imposed by an ordinary day in prison". "Particularly for defendants who have(i)served long sentence and (ii) been detained for the entirety of the pandemic".Courts have been willing to conclude that "pandemic-induced condition of confinement can constitute extraordinary and compelling circumstances warranting compassionate release". In this case Mr.Milchin has been incarcerated the during the entire COVID-19 pandemic and has faced harsher conditions from 2020 -2023 with lockdowns, no recreation, no visiting from family members and the fear of dying while in prison from a once in a life time pandemic. (United States v. Rodriguez 492F Suppered 306,311 S.D.N.Y. 2020) A new York judge determined that rodriguez incarceration was harsher and more punitive than other wise it would have been. Lockdowns of 22 to 24 hours were repeatedly imposed to prevent the spread of Covid-19. Milchin was with out visits from 2020 till 2023.(United States V.  Bentle Clausen 3rd Cir (E.D.P.A.00-291-2)

Mr.Milchin has also been subjected to medical neglect for his basal cell carcinoma that was diagnosed in the spring of 2021 to date milchin still has not had surgery for his cancer. (Case :321-cv-00498-KAD Filed 8/10/2023) The government reached a settlement with Mr.Milchin and other inmates on a civil lawsuit that showed Danbury FCI , CT had completely neglected there medical needs and in the 2nd circuit for appeals court an agreement(see Settlement agreement )4 was reached to finally treat milchin for his cancer over 2 plus years after his diagnosis. This delay has caused Milchin a huge scar on his nose and the cancer has grown from its original size.

Finally the sentencing committee passed a "Zero Point" offender Minus 2 point reduction for inmates with zero criminal history points which Milchin qualifies for the reduction from 32-60 months off his sentence.  milchin's qualification's are uncontested for the new sentencing guidelines that does not go into effect until Nov.1 2023 and that a 3582 is not the proper vehicle for such a request. The sentencing committee has already released its instructions that to receive the 2 level reduction it must be filed in the court using the 3582(c) compassionate release request. All these reasons together warrant a reduction for time served for Mr.Milchin so he can get back to his family after a long 6 plus years and help care for his mother while she fights the hardest battle of her life with cancer. The department of justice is there to punish those who commit crimes but it also has the ability to reward those who have showed rehabilitation and a want to better themselves and help those around them. rehabilitation has shown just that with his conduct and programming and rehabilitation now he asks the court for a expedited ruling so he can go help his mother as her primary care taker. Milchin is willing to comply with any restrictions this court wants to put on him the goal here is to help his mother.

Michael Milchin
Date 10/11/23

TRULINCS  76060066 - MILCHIN, MICHAEL - Unit: FAI-E-A

--------------------------------------------------------------------------------

FROM: Milchin, Maya
TO: 76060066
SUBJECT: RE: hey
DATE: 10/10/2023 12:21:05 PM

Mount Sinai South NassauOceanside, N.Y.

MILCHIN, MAYA

May 1, 1958

Date of Birth

Female

Sex

AETNA MEDICARE\AETNA MEDICARE

Insurer

1021552

Patient Id

93 ALHAMBRA DRIVEOCEANSIDE, NY 11572

Address

(516)807-3216

Mobile Phone

(516)807-3216

Home Phone

MAYAJOE@OPTONLINE.NET

Email

English (preferred)

Language

Other RaceWhite

Race

Not Hispanic or Latino

Ethnicity

Emergency Contact

OSIP MILCHIN

Continuity of Care Document

TRULINCS  76060066 - MILCHIN, MICHAEL - Unit: FAI-E-A

--------------------------------------------------------------------------------

Allergies and Adverse Reactions

Assessments

Encounters

Family History

Functional Status

Medications

Payers

Plan of Treatment

Problems

Procedures

Results

Social History

Vital Signs

Document Details

Health Care Providers

Patient Contacts

top

Assessments

Assessment/Plan 1: Recommendations:1.. She has rectal adenocarcinoma2. On total neoadjuvant treatment with capecitabine + radiation treatment, followed by capecitabine/oxaliplatin for 6 cycles. (total of 6 months of treatment).Surgery will follow afterwards. 3. Finished capecitabine/radiation 9/5/23.Start capecitabine/oxaliplatin on 10/4/23 Cycle 1 of 6.Long discussion about the risks, benefits, and alternatives to chemotherapy. Discussed side effects associated with chemotherapy. Discussed overall treatment plan. I answered all of her questions. 4. capecitabine dose: 875mg/m2 BID x 2weeks on, 1 week off - 1500mg BID5. RV 10/23/23 (1st chemo 10/4/23, 2nd chemo 10/25/23)Assessment/Plan 2: Recommendation:1. S/p IV iron with feraheme x 2 doses.2.. She cannot tolerate oral iron due to GI pain.Assessment/Plan 3: Recommendations:1. She has pain. Much better after radiation/chemo.2. She is taking oxycodone 10mg ER, now taking it PRN, 3-4x/week.May try change to oxycodone short acting 5mg PRN.Assessment/Plan 4: Due to rectal cancerAssessment/Plan 6: The total time of today's visit was 45 minutes with >50% of the time spent in face to face discussion regarding the rectal cancer. Complicated discussion of chemotherapy. Orders entered. Discussion of side effects. DIscussed pain meds as well.Problem 1: Primary malignant neoplasm of rectumProblem 2: Iron deficiency anemia.Problem 3: Rectal painProblem 4: Gas issues

top

Problems

Active Problems excluded/not available

top

Functional Status

TRULINCS  76060066 - MILCHIN, MICHAEL - Unit: FAI-E-A

--------------------------------------------------------------------------------

Normal ambulation

Normal vision

Normal hearing

No difficulty doing errands alone

normal cognition

Normal ADLs

top

Allergies and Adverse Reactions

NoKnownAllergies

top

Medications

oxyCODONE 5 mg oral tablet; 1 tab(s) orally 4 times a day MDD: 4 tabs daily.Quantity: 120 Refills: 0

Ordered: 26-Sep-2023Lee, Richard Matthew

Start: 26-Sep-2023 End: 25-Oct-2023Generic Substitution Allowed

prochlorperazine 10 mg oral tablet; 1 tab(s) orally 4 times a dayQuantity: 120 Refills: 6

Ordered: 26-Sep-2023Lee, Richard Matthew

Start: 26-Sep-2023 End: 22-Apr-2024Generic Substitution Allowed

ondansetron 8 mg oral tablet; 1 tab(s) orally 2 times a day as needed for nausea or vomitingPRN Reason: for nausea or vomitingQuantity: 60 Refills: 4

Ordered: 26-Sep-2023Lee, Richard Matthew

Start: 26-Sep-2023 End: 22-Feb-2024Generic Substitution Allowed

capecitabine 500 mg oral tablet; 3 tab(s) orally 2 times a day take 3 tab twice a day for 2 weeks, then 1 week off. 6 total cycles.Quantity: 84 Refills: 5

Ordered: 26-Sep-2023Lee, Richard Matthew

Start: 14-Jul-2023 End: 23-Mar-2024Generic Substitution Allowed

OxyCONTIN 10 mg oral tablet, extended release; 1 tab(s) orally 2 times a day MDD: 20mg (2 tabs)Quantity: 60 Refills: 0

Ordered: 17-Aug-2023Schaefer, Michelle

Start: 14-Jul-2023 End: 15-Sep-2023Generic Substitution Allowed

atorvastatin 20 mg oral tablet; 1 tab(s) orally once a dayRefills: 0

Ordered: 5-Jul-2023Zangrillo, Laurie

Generic Substitution Allowed

## FSA Time Credit Assessment

Register Number:76060-066, Last Name:MILCHIN

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 76060-066 | Responsible Facility: FAI |
| Inmate Name | Assessment Date....: 10-06-2023 |
|   Last.............: MILCHIN | Period Start/Stop...: 12-21-2018 to 10-06-2023 |
|   First............: MICHAEL | Accrued Pgm Days....: 1655 |
|   Middle...........: | Disallowed Pgm Days.: 95 |
|   Suffix...........: | FTC Towards RRC/HC..: 430 |
| Gender............: MALE | FTC Towards Release.: 365 |
| Start Incarceration: 05-22-2018 | Apply FTC to Release: Yes |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-21-2018 | 07-17-2019 | accrue | 208 |

  Accrued Pgm Days...: 208
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 60

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 07-17-2019 | 12-04-2019 | accrue | 140 |

  Accrued Pgm Days...: 140
  Carry Over Pgm Days: 28
  Time Credit Factor.: 15
  Time Credits.......: 75

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-04-2019 | 02-04-2020 | disallow | 62 |

Not in qualifying admit status

| Facility | Category | Assignment | Start | | Stop | |
|---|---|---|---|---|---|---|
| FTD | ARS | TRANSFER | 12-03-2019 | 1001 | 12-03-2019 | 1001 |
| B15 | ARS | A-ADMIT | 12-03-2019 | 1001 | 12-03-2019 | 1223 |
| B15 | ARS | RELEASE | 12-03-2019 | 1223 | 12-03-2019 | 1223 |
| BRO | ARS | A-BOP HLD | 12-03-2019 | 1223 | 02-04-2020 | 0428 |

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 02-04-2020 | 07-23-2020 | accrue | 170 |

  Accrued Pgm Days...: 170
  Carry Over Pgm Days: 18
  Time Credit Factor.: 15
  Time Credits.......: 90

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 07-23-2020 | 08-25-2020 | disallow | 33 |

**FSA Recidivism Risk Assessment (PATTERN 01.03.00)**

Register Number:76060-066, Last Name:MILCHIN

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 76060-066 | Risk Level Inmate....: R-LW |
| Inmate Name | General Level......: R-LW (9) |
| Last.........: MILCHIN | Violent Level......: R-LW (9) |
| First........: MICHAEL | Security Level Inmate: MINIMUM |
| Middle.......: | Security Level Facl..: MINIMUM |
| Suffix.......: | Responsible Facility.: FAI |
| Gender........: MALE | Start Incarceration..: 05/22/2018 |

**PATTERN Worksheet Details**

Item: Programs Completed, Value: 4
General Score: -9, Violent Score: -3
Risk Item Data

| Category - | Assignment - | Start | - Stop |
|---|---|---|---|
| DRG | ED COMP | 02/22/2023 08:54 | |
| EDC | C-ELECTRIC | 05/11/2023 14:18 | 05/11/2023 14:18 |
| EDC | C-SPANISH2 | 05/11/2023 14:46 | 05/11/2023 14:46 |
| EDC | CAMPRESUME | 06/30/2023 13:55 | 06/30/2023 13:55 |

Item: Work Programs, Value: 2
General Score: -2, Violent Score: -2
Risk Item Data

| Category - | Assignment - | Start | - Stop |
|---|---|---|---|
| EDC | APTCHRSAID | 05/04/2021 14:09 | 05/04/2021 14:09 |
| WRK | UN-WHSE | 08/22/2023 14:37 | |



**Individualized Needs Plan - Program Review    (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: MILCHIN, MICHAEL  76060-066

SEQUENCE: 02061051
Team Date: 09-29-2023

| Most Recent Payment Plan |
| --- |

**FRP Assignment:    PART        FINANC RESP-PARTICIPATES        Start: 07-27-2018**

Inmate Decision:   **AGREED      $50.00**              Frequency:  **QUARTERLY**
Payments past 6 months:      **$100.00**         Obligation Balance: **$138,096.00**

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
| --- | --- | --- | --- | --- | --- |
| 1 | ASSMT | $2,200.00 | $96.89 | IMMEDIATE | EXPIRED |
| | | ** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ** | | | |
| 2 | REST CV | $138,196.00 | $138,096.00 | IMMEDIATE | AGREED |

| | Adjustments: | Date Added | Facl | Adjust Type | Reason | | Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | 09-08-2023 | FAI | PAYMENT | INSIDE PMT | | $50.00 |
| | | 06-07-2023 | FAI | PAYMENT | INSIDE PMT | | $50.00 |

**FRP Deposits**

Trust Fund Deposits - Past 6 months:   $1,534.37          Payments commensurate ?   Y

New Payment Plan:   ** No data **

**Current FSA Assignments**

| Assignment | Description | Start |
| --- | --- | --- |
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 02-27-2020 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 09-28-2023 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 09-28-2023 |
| N-COGNTV Y | NEED - COGNITIONS YES | 09-28-2023 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-29-2021 |
| N-EDUC N | NEED - EDUCATION NO | 09-28-2023 |
| N-FIN PV Y | NEED - FINANCE/POVERTY YES | 09-28-2023 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 09-28-2023 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 09-28-2023 |
| N-MEDICL N | NEED - MEDICAL NO | 09-28-2023 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 09-28-2023 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 09-28-2023 |
| N-TRAUMA N | NEED - TRAUMA NO | 09-28-2023 |
| N-WORK N | NEED - WORK NO | 09-28-2023 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 09-28-2023 |

**Progress since last review**

Since last program review he completed Camp Electric, Camp Intermediate Spanish, Resume Writing Camp, and Physical Fitness. He is currently enrolled in Interview Skills Camp. Is currently on Education Occupation waitlist. Made both June and September 2023 FRP payments since last program review. He was deemed Resident Drug Treatment Qualified on September 13, 2023. He has requested a transfer to FCI SCP Cumberland for RDAP. Transfer is currently routing.

**Next Program Review Goals**

Complete Interview Skills Camp by next program review in March 2024. Make scheduled FRP payments for December 2023 and March 2024 which will be verified after each scheduled FRP payment.

**Long Term Goals**

Is currently on Education Occupation waitlist. Therefore, he should complete next Education Occupation by September 2024. If deemed appropriate for RDP transfer, complete RDAP at new institution prior to release date which is June 27, 2028.

**RRC/HC Placement**

No.
Management decision - inmate has over 18 months still left to serve at this time.

**Comments**

Note: You will be reviewed for RRC placement 17-19 months before PRD pursuant to the Second Chance Act.

Eligible For Federal Time Credits?-YES
Current Pattern Score/Risk of Recidivism--LOW

Pursuant to the First Step Act of 2018 sections 101 &102, 18USC3632, and Program Statement 5400.01, First Step Act Needs Assessment, the 13 identified need areas have been reviewed in this case by the departments responsible for each area. Based upon this review, it has

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MICHAEL MILCHIN, KENNETH PELLETIER, KEVIN DIMARTINO, STEVEN PAGARTANIS, JOHN MATERA, and EUGENE CASTELLE,

      Petitioners,

v.

WARDEN RICHARD STOVER,[1]

      Respondent.

No. 3:21-cv-498 (KAD)

## JOINT MOTION FOR INDICATIVE RULING TO
## EFFECT TERMS OF SETTLEMENT REACHED ON APPEAL

Pursuant to Federal Rule of Civil Procedure 62.1, the government, Kenneth Pelletier ("Pelletier"), and Michael Milchin ("Milchin") (collectively, "Movants") respectfully and jointly move for an indicative ruling regarding whether, at Movants' joint request, the Court would vacate its January 13, 2022 Order, ECF 33 ("January 2022 Order") in part, to the extent it applies to Pelletier and Milchin, to enable movants to effectuate the attached settlement agreement (Exhibit A), reached on appeal at the encouragement of the United States Court of Appeals for the Second Circuit.  To effectuate this settlement, Movants further seek an indicative ruling regarding whether, on remand, this Court would: (1) allow the Bureau of Prisons ("BOP") to substitute itself for the Respondent Warden of FCI Danbury for purposes of effectuating the settlement; and (2) enter an order of dismissal in which this Court would expressly retain jurisdiction to enforce the settlement agreement for its limited duration.

---

[1] On May 21, 2023, Richard Stover became the Warden of FCI Danbury. Pursuant to Fed. R. Civ. P. 25(d), "when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending, [t]he officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name."

This joint motion is supported by a memorandum prepared by undersigned counsel for the government.

Pelletier and Milchin are represented by counsel from the Roderick & Solange MacArthur Justice Center ("Appellate Counsel") on appeal before the Second Circuit.  Appellate Counsel has reviewed a copy of this filing and has authorized me to represent to the Court that Pelletier and Milchin join in this motion.  Moreover, undersigned counsel plans to file a revised copy of this joint motion signed by Pelletier and Milchin in the near future.  Appellate Counsel has mailed Pelletier and Milchin a copy of this joint motion which has signature lines for them instead of this paragraph, for them to sign and return.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

_/s/   Nate Putnam_
Nathaniel M. Putnam
Assistant United States Attorney
United States Attorney's Office
District of Connecticut
1000 Lafayette Boulevard, 10th Floor
Bridgeport, CT 06604
Telephone: (203) 696-3036
Nathaniel.Putnam@usdoj.gov
*Counsel for Respondent*

# Exhibit A

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

MICHAEL MILCHIN and KENNETH PELLETIER,

        Petitioners-Appellants,

KEVIN DIMARTINO, STEVEN PAGARTANIS, JOHN
MATERA, and EUGENE CASTELLE,

        Petitioners,

v.

ACTING WARDEN JESSICA SAGE,

        Respondent-Appellee,

D. Easter, Warden FCI Danbury, Acting Warden of FCI
Danbury, Current Unknown,

        Respondents.

Case No. 22-244
(consolidated with
22-652)

### SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into effective August 2, 2023 (the "Effective Date") by Petitioners Kenneth Pelletier ("Pelletier") and Michael Milchin ("Milchin"), on the one hand, and the Federal Bureau of Prisons (the "BOP"), on the other hand (collectively, the "Parties").

1

## RECITALS

Whereas, Pelletier has a history of papillary thyroid carcinoma ("thyroid cancer"), he underwent a total thyroidectomy and radioactive iodine treatment, and he faces a risk that his thyroid cancer may recur;

Whereas, Milchin has basal cell carcinoma and requires Mohs surgery;

Whereas, Petitioners are parties to the above-captioned appeals, and the civil action from which those appeals arose (3:21-cv-00498-KAD (D. Conn.));

Whereas, the Parties now desire to resolve the present litigation on the mutually acceptable terms set forth below, which they agree are a fair, reasonable and adequate resolution of this case;

NOW, THEREFORE, in consideration of the promises set forth herein, the Parties agree and covenant as follows:

## SETTLEMENT TERMS

1.      As to Pelletier, this Agreement is limited in scope to his thyroid cancer and the care he needs to monitor, prevent, detect, and treat any recurrence, or risk of recurrence, of thyroid cancer. As to Milchin, this Agreement is limited in scope to his basal cell carcinoma, the surgery to remove that cancer, and any follow up care the dermatologist orders or recommends pertaining to that cancer. The terms of this Agreement do not apply to any medical issue or legal claim unrelated to the specific cancers described in this paragraph, and each provision of this Agreement is, and should be construed to be, similarly limited in scope, unless otherwise noted.

2.      To the extent it has not already done so following Pelletier's transfer from FCI Danbury, the BOP agrees to arrange for Pelletier to establish care with the practice of a licensed

medical doctor certified in Endocrinology, Diabetes and Metabolism by the American Board of Internal Medicine (an "Endocrinologist").

3.      The BOP agrees to arrange for Milchin to receive Mohs micrographic surgery performed by or at the direction of a licensed medical doctor certified in Micrographic Dermatologic Surgery by the American Board of Dermatology ("Dermatologist"). If Mr. Milchin refuses this surgery against the advice of the Dermatologist, this Agreement will immediately terminate as to him and he will have no further rights under this Agreement. In no event will this Agreement be construed to require any medical professional to provide care such professional believes is not medically appropriate, or to require Milchin to consent to any medical care.

4.      The BOP agrees to make reasonable efforts to comply with the treatment plan or care prescribed by the relevant medical specialist, meaning the Endocrinologist (as to Pelletier) or Dermatologist (as to Milchin), with due regard for any timelines or timeframes for such care as may be prescribed or recommended by the relevant medical specialist.

5.      In the event Pelletier is removed from the care of the Endocrinologist referenced in Paragraph 2, due to a transfer or other presently unforeseen circumstance, BOP agrees to:

    a.   Promptly arrange for Pelletier to establish care with a new
         Endocrinologist; and

    b.   Make reasonable efforts to continue to comply with the treatment plan or
         care prescribed by the previous Endocrinologist, until care is established
         with the new Endocrinologist.

6.      On the second Wednesday of each month, the BOP shall transmit to Petitioners' counsel all medical records in BOP's possession relating to either Petitioner which were created, obtained, or modified after December 1, 2022, and which have not already been transmitted to

3

Petitioners' counsel.  This requirement terminates in accordance with Paragraph 9 of this Agreement.

7.      If Petitioners' counsel have a good faith belief that further information is necessary to determine whether BOP is complying with Paragraphs 2 through 6 of this Agreement, they may request such information from the United States Attorney's Office for the District of Connecticut ("USAO"). The USAO will endeavor to provide this information, or explain why it is withholding the information, within 7 business days.  The USAO agrees not to unreasonably withhold such information.

8.      The Parties agree that this Agreement resolves all claims asserted by Petitioners in the above-captioned litigation.  For the avoidance of doubt, nothing in this Agreement affects Petitioners' right to file any claim for damages against the United States of America, BOP, or its employees or agents, whether related or unrelated to the claims made in this action.

9.      The Parties intend that this Agreement will remain in place until the respective termination date for each Petitioner.  As to Pelletier, the termination date will be sixteen months from the date on which the District Court enters a final, non-indicative order agreeing to retain jurisdiction and enforce this Agreement. As to Milchin, the termination date will be as follows:

  a.  If Mr. Milchin declines the Mohs surgery against the advice of the Dermatologist, the date on which he does so shall be the termination date.

  b.  If Mr. Milchin receives the surgery, and the Dermatologist recommends that Milchin have any follow-up appointment within six months of the surgery, the termination date shall be sixty days after Milchin is brought to, or refuses to attend, the last such follow-up appointment.

4

    c.   If Mr. Milchin receives the surgery, and the Dermatologist does not recommend that Milchin have a follow up appointment with the Dermatologist within six months of the surgery, the termination date shall be sixty days after the surgery is completed.

    d.   If it is no longer medically appropriate, in the judgment of the Dermatologist, for Milchin to receive the surgery described in Paragraph 3, the termination date will be four months after that determination is communicated to Petitioners' counsel.

Upon termination, without the need for any further order or any state or federal court, all justification of any court to enforce this Agreement shall end.

10.     This Agreement is not a consent decree and shall not be incorporated into any judgment of any court. To the contrary, this is a contract which the Parties agree is a fair, reasonable, and adequate resolution of this case.

11.     The Parties agree to jointly move the United States District Court for the District of Connecticut (the "District Court") for a ruling indicating that it would retain jurisdiction to enforce this Agreement in accordance with its terms. If that motion is granted, the Parties agree to jointly move the United States Court of Appeals for the Second Circuit to vacate the opinion below and remand this case for further proceedings consistent with this settlement. In support of this joint motion, the parties will stipulate that there are exceptional circumstances that warrant vacatur. The Parties agree that the District Court shall retain jurisdiction over the Parties and this case to the full extent necessary to enforce the terms of this Agreement. The dismissal of the above-captioned litigation shall be without costs as to all claims asserted by Petitioners.

12.     Throughout the duration of this Agreement, the Parties agree to enforce this Agreement and resolve any dispute, controversy or claim arising out of or relating to this Agreement or the care described in Paragraph 1 only pursuant to the procedures outlined in Paragraph 13 of this Agreement (the "Dispute Resolution Procedures").  The Parties understand and agree that, if approved, the district court will maintain jurisdiction of this action throughout the duration of this Agreement to resolve any disputes which cannot be amicably resolved between the Parties pursuant to the Dispute Resolution Procedures set forth in Paragraph 13.  If the Parties are unable to resolve any such disputes on their own, the relevant Petitioner may seek specific performance of this Agreement. Neither Party will pursue judgment in this case or seek to have the case dismissed while this Agreement is in effect.

13.     The following Dispute Resolution Procedures will govern any dispute, controversy or claim arising out of or relating to this Agreement, the care described in Paragraph 1, or any breach or enforcement of this Agreement:

> a.  In the event of any dispute, controversy or claim arising out of or relating to this Agreement, the care described in Paragraph 1, or any breach or enforcement of this Agreement, counsel for the Parties shall meet and confer with each other before seeking intervention from the District Court. The Parties agree to meet and confer within 10 days of a notice of a dispute.  If the allegation is that the USAO is unreasonably withholding requested information in violation of Paragraph 6, the Parties agree to meet and confer within 3 days of a notice of a dispute, provided that no such notice shall be given until the seven-day response period has elapsed. If the Parties are unable to resolve their dispute informally after

participating in a meet and confer, they may seek intervention from the District Court. Any request for such intervention shall be made by motion subject to the applicable Federal Rules of Civil Procedure and local rules.

b.  If either Petitioner prevails on any claim alleging noncompliance with this Agreement, the sole remedy shall be specific performance of this Agreement.

c.  The Parties agree not to seek any attorneys' fees and/or costs for any time spent in any portion of dispute resolution.

14.  This Agreement may be modified only by the mutual written agreement of the Parties.

15.  This Agreement will not be interpreted against any Party as the drafter.

16.  This Agreement shall in no way be deemed an admission by any Party of liability, fault, misconduct, or a violation of any policies, procedures, or federal, state, or local laws or regulations, and BOP specifically denies that its provision of medical care to Petitioners has been inadequate. Neither this Agreement nor the fact of this settlement shall be construed to be, nor shall it be, admissible in any proceeding as evidence of an admission by any party of a violation of any policies, procedures, or federal, state, or local laws or regulations; nor shall this Agreement or the fact of settlement constitute evidence of any admission by any party as to any issue of law or fact. This Agreement is entered into by all Parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This Agreement shall only ever be admissible in a proceeding to enforce its terms.

17.  Petitioners' counsel agree not to seek any attorneys' fees, costs, or expenses of any kind from the BOP for their past or future work on this case.

7

18.     The Parties stipulate that the prospective relief provided for in this Agreement complies in all respects with the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626(a).

19.     For purposes of effectuating this Agreement, the Parties agree that the BOP will be substituted as the Respondent in the District Court case. The Parties will jointly move for this substitution and waive any objection or defense to the BOP being substituted as the Respondent as part of this Agreement.


Executed:


_Kenneth Pelletier_     7-31-23
Kenneth Pelletier          Date
*For Himself*



_____     _____
Michael Milchin          Date
*For Himself*



_____     _____
Kathrina Szymborski Wolfkot     Date
*For Petitioners Pelletier and Milchin*

8

18.     The Parties stipulate that the prospective relief provided for in this Agreement complies in all respects with the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626(a).

19.     For purposes of effectuating this Agreement, the Parties agree that the BOP will be substituted as the Respondent in the District Court case. The Parties will jointly move for this substitution and waive any objection or defense to the BOP being substituted as the Respondent as part of this Agreement.

Executed:


_____     _____
Kenneth Pelletier                        Date
*For Himself*


_____     _____
Michael Milchin                          Date
*For Himself*
                                         8/10/23
_____     _____
Kathrina Szymborski Wolfkot               Date
*For Petitioners Pelletier and Milchin*

_____     _8/9/23____
Brendan Bernicker                        Date
*For and at the direction of Michael Milchin*

8

Respondent, Rick Stover, Warden of Federal
Correctional Institution at Danbury, in his official
capacity and through his attorneys:

Vanessa Roberts Avery
United States Attorney

_8/7/23_
Date

Nathaniel M. Putnam
Assistant U.S. Attorney


Federal Bureau of Prisons

_8/7/23_
Date

Adam Johnson
Northeast Regional Counsel
Federal Bureau of Prisons

Michael miller
76060-066
federal correctional institution fairton
Po Box ~~37~~ 420
fairton nJ 08320








U.S.M.S.
X-RAY



RECEIVED
OCT 1 6 2023
BY:_____

US court house
601 market St
Phila PA. 19106

Att. Clerk of courts