IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-284-1 |
| MICHAEL MILCHIN | : | |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT'S FIFTH MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

Defendant Michael Milchin's fifth motion for compassionate release is pending. The government last responded to his various claims on July 13, 2023 (ECF 519), explaining that none set forth an "extraordinary and compelling reason" for compassionate release. Milchin then filed supplements to his motion on September 5, 2023 (ECF 521), and October 16, 2023 (ECF 522), to which we now respond at the Court's direction.

1. The September 5 supplement principally focuses on Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, in which the Sentencing Commission recently added what now appears in Section 4C1.1, providing a 2-offense-level reduction for many offenders who present zero criminal history points. The new provision became effective on November 1, 2023, and per direction of the Commission applies retroactively, with the proviso that no inmate may be released based on a sentence reduction earlier than February 1, 2024.

Milchin's request for application of this amendment is not appropriately presented in the context of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The proper approach is to file a motion under 18 U.S.C. § 3582(c)(2), which governs the application of a retroactive amendment. Milchin may file a motion under that provision if he prefers. Notably, under the governing guideline provision for retroactive amendments, § 1B1.10, a sentence may not be reduced lower than the new guideline range produced by the amendment, not to time served as Milchin suggests.

Recently, to afford the government, the Defenders Association, and the Probation Office time to coordinate resolution of the hundreds of expected motions in this district based on the new retroactive amendments, Chief Judge Sanchez entered an administrative order staying all such motions until January 15, 2024. If Milchin files a 3582(c)(2) motion, the government will respond to it in due course consistent with that order.

We note for purposes of completeness that, now that the new Section 4C1.1 is in effect, it appears that Milchin does not qualify for any relief. The new guideline allows for a 2-offense-level reduction for a defendant who presents no criminal history points, so long as one of nine circumstances listed in the guideline does not exist. One of those circumstances is leadership role – the guideline states that the 2-level reduction is available only if the defendant "did not receive an adjustment under §3B1.1 (Aggravating Role) . . . ." § 4C1.1(a)(10). Milchin received a 4-level enhancement under § 3B1.1(a) for his leadership role, and therefore the new 4C1.1 reduction is not available to him.

2. Milchin's October 16 supplement to his compassionate release motion addresses claims to which the government has previously responded, and in addition, focuses on his mother's health, as well as his own medical condition.[1]

The compassionate release guideline was amended effective November 1, 2023, and now lists as an "extraordinary and compelling reason" allowing consideration for compassionate release the following situation: "The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." § 1B1.13(b)(3)(C).[2] As the government has previously explained, while Milchin's desire to help care for his mother is noteworthy, he is not the only available caregiver.

As for Milchin's own health, he asserts that he presents basal cell carcinoma, and that it is not being treated by BOP. That is not true. BOP in fact scheduled Milchin for

---

[1] Milchin, who is 43 years old, has still served less than half of his 14-year sentence for fraud and drug trafficking.

[2] Section 3582(c)(1)(A)(i) states that a reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission . . . ." The pertinent policy statement defining the circumstances that qualify for consideration for compassionate release appears at U.S.S.G. § 1B1.13. Prior to November 1, 2023, the Sentencing Commission had not updated this policy statement since Congress amended the compassionate release statute in 2018. Accordingly, courts held that the earlier policy statement was not binding during that period, but could be considered as advisory. *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021). The Commission has now updated the policy statement, including in the provision quoted above. This policy statement is therefore now binding in defining the circumstances that qualify as "extraordinary and compelling." *See* 18 U.S.C. § 3582(c)(1)(A)(i), 28 U.S.C. § 994(t) (directing the Commission to define qualifying circumstances); *Dillon v. United States*, 560 U.S. 817, 821 (2010) (holding that under the materially identical provision in 18 U.S.C. § 3582(c)(2) regarding application of retroactive guideline amendments that the criteria stated by the Sentencing Commission are binding).

removal of the carcinoma (which is on his nose) in August, but he refused the treatment.

A physician's note in Milchin's medical record on August 22, 2023,[3] states:

> Inmate was scheduled to see the dermatologist today to have the basal cell carcinoma on his nose remove MOHS procedure. Inmate stated that he did not wish to go to the dermatologist and be in handcuffed. It was explained to the inmate if he did not have the procedure he could suffer from facial disfiguration, metastatic disease and possible death. After these possible complications were explained to him he still refused to have the procedure done. IM [inmate] was seen by Hess RN and myself. He refused to sign a refusal slip and the trip was cancelled. I contacted the dermatologist to cancel the appointment and explained that if the inmate chooses to have the procedure at a later date I would accommodate his request.

For these reasons, as well as all those set forth in our earlier responses and in this Court's earlier rulings, Milchin's request for early release should again be denied.

Respectfully yours,

JACQUELINE C. ROMERO
United States Attorney

*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

*/s Mary Kay Costello*
MARY KAY COSTELLO
Assistant United States Attorney

---

[3] The government will provide a complete, updated set of Milchin's medical records to the Court at its direction. There has been no notable change in his health since our last report. We note that Milchin's recent filing revives complaints about BOP's medical treatment at FCI Danbury. Milchin in fact was transferred from Danbury to FCI Fairton in April 2023, and it was at Fairton that he recently refused treatment for his carcinoma.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served by first-class mail, postage prepaid, upon:

Mr. Michael Milchin
No. 76060-066
FCI Fairton
P.O. Box 420
Fairton, NJ  08320

*/s Mary Kay Costello*
MARY KAY COSTELLO
Assistant United States Attorney

Dated:  November 8, 2023.