## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

MICHAEL MILCHIN

CRIMINAL ACTION
NO. 17-00284-1

**PAPPERT, J.**                              **November 13, 2023**

### <u>MEMORANDUM</u>

For the fifth time in less than four years, Michael Milchin moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  He also seeks release pursuant to § 3582(c)(2), which governs the application of a retroactive guideline amendment, here Amendment 821, which in part alters application of the guidelines for offenders with zero criminal-history points at the time of sentencing.[1]  The Court denies the motion.

I

Milchin is currently serving a 168-month prison sentence for health care fraud, conspiracy to commit health care fraud, distribution of oxycodone, conspiracy to distribute oxycodone and possession of oxycodone with intent to distribute.  (Judgment 1, ECF 297).  Milchin sought compassionate release in May and December 2020, and April and December 2021.  *See* (First Mot. for Release, ECF 437; Second Mot. for Release, ECF 463; Third Mot. for Release, ECF 476; Fourth Mot. for Release, ECF 495).

---

[1]      In its supplemental response (ECF 524), the Government interprets Milchin's motion to seek compassionate release under § 3582(c)(1)(A)(i) and states that request for application of the guidelines amendment is not appropriate in a motion under that section.  (*Id.* at p. 2).  But Milchin's motion cites § 3582(c)(2) (ECF 518 at p. 1) and the Court construes his *pro se* filing liberally and addresses both issues.

The Court detailed the factual and procedural history of his case in its memoranda denying his first two motions. *See* (Aug. 4, 2020 Mem., ECF 458; Jan. 7, 2021 Mem., ECF 468).

In his most recent salvo, Milchin argues family circumstances, rehabilitation, COVID-19 and the basal cell carcinoma on his nose are extraordinary and compelling reasons for reducing his sentence. He also believes that under Amendment 821 his sentence should be reduced to time served.

## II

## A

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). But before releasing an inmate a court must also "consider[] the factors set forth in section 3553(a)." *Id.* Relevant factors include "the nature and circumstances of the offense" and the need for the sentence "to reflect the seriousness of the offense" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A), (C).

## B

Milchin's wish to care for his mother, who has been diagnosed with cancer, is not an extraordinary and compelling justification for release. Release for family circumstances may only be appropriate when the defendant would be the only available caregiver for the parent.[2] U.S.S.G. § 1B1.13. Milchin's mother lives with her husband

---

[2] An amendment to § 1B1.13 of the Sentencing Guidelines, effective November 1, 2023, allows consideration of release to care for any immediate family member—not just spouses or minor children. *See* § 1B1.13(b)(3)(D). But § 1B1.13 still maintains the rule that the defendant be the only available caregiver.

and has another son nearby.  *See* PSR ¶¶ 129-130.  Milchin's mother claims that "although there are other family members these family members are not in a position to be my full time [caretaker]," (Def's. Reply, Exhibit 1, ECF 520), and Milchin's father, 69 years old, states he had a "complete and full hip replacement" in 2022, is "in no position to take on the responsibility of [caretaker]," and has no contact with his other son, Richard, who lives in New Jersey.  (Def's. Reply, Exhibit 2).  But hip replacement surgery, an increasingly common procedure, does not as a matter of course, permanently prevent someone from caring for their spouse.  And although Milchin's brother allegedly has had no contact with the family, this does not make him permanently "unavailable."

Milchin's rehabilitation does not justify release, either.  Milchin has tutored inmates, completed certificate programs and worked jobs within the prison. (Suppl. Mot. for Comp. Release, ECF 521; Add'l Suppl. Mot. for Comp. Release, ECF 522). Rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason, but may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.  *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d), p.s.  Milchin's efforts at rehabilitation, while commendable, are not enough to establish extraordinary and compelling circumstances.

Milchin's basal cell carcinoma is not an extraordinary or compelling reason for reducing his sentence, either alone or in combination with COVID-19.  As the Government points out, in August 2023 the Bureau of Prisons scheduled an appointment to remove Milchin's carcinoma but he refused the procedure.  (Gov't Suppl.

Mot., pp. 3–4, ECF 524).   Milchin also denied a doctor's recommendation to surgically remove his carcinoma in July 2021.   *See* (Gov't Resp. to Fourth Mot. for Release, Exhibit A at 82, ECF 497).   Milchin presents no evidence to suggest he cannot receive proper care while in federal custody.   Any risks associated with the basal cell carcinoma stem primarily from his refusal of treatment, not from the prison's failure or inability to provide it.

For similar reasons, COVID-19 is not an extraordinary or compelling reason to reduce Milchin's sentence.   In his supplemental briefing, Milchin points to a "new, highly mutated lineage of the virus," BA.2.86.   (ECF 521).   "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."   *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).   At a minimum, Milchin must identify some condition that puts him at particular risk.   See *United States v. Ulmer*, No. 18-00579-3, 2021 WL 844579, at *1 (E.D. Pa. Mar. 5, 2021).   There is no indication that Milchin's basal cell carcinoma makes him more susceptible to COVID-19, *see United States v. Ranieri*, 468 F. Supp. 3d 566, 568 (W.D.N.Y. 2020), and the Court has previously found his other conditions are not serious enough to constitute extraordinary and compelling reasons for his release.   *See* (June 20, 2021, Mem. at 4, ECF 487; Jan. 7, 2021 Mem. at 4–5; ECF  468).

## C

Finally, even if properly presented in his motion, Milchin's request for retroactive application of new § 4C1.1 of the Sentencing Guidelines, which reduces by two offense levels the advisory guidelines range for defendants with zero criminal-history points, is seemingly meritless.   The 2-level reduction is not available if, among

other circumstances, the defendant received an adjustment under § 3B1.1

(Aggravating Role).  *See* § 4C1.1(a)(10).  Milchin received a 4-level enhancement

under § 3B1.1(a) for his leadership role in the conspiracy, *see* PSR ¶ 106.  Also,

under the governing guideline provision for retroactive amendments, § 1B1.10, a

sentence may not be reduced lower than the new guideline range produced by the

amendment, not to time served as Milchin suggests.  *See* § 1B1.10, app. note 3.  On

November 8, 2023, Chief Judge Sanchez entered a revised administrative order staying

all motions based on retroactive application of § 4C1.1 until January 15, 2024, and

outlining a procedure for evaluating all such *pro se* motions.  *See* Order Regarding

Motions for Retroactive Application of Amendment 821 to the Sentencing Guidelines

(Nov. 8, 2023).  Milchin's motion seeking retroactive application of new § 4C1.1 is

denied without prejudice and he may file another such motion pursuant to § 3582(c)(2)

and avail himself of the process outlined in the Administrative Order.

### III

Even if extraordinary and compelling reasons existed for Milchin's release, the

18 U.S.C. § 3553(a) factors counsel against releasing him.  Milchin earned his 168-

month sentence by leading a conspiracy to flood the community with opioids.  *See*

(Milchin's Sentencing Mem. pp. 3–4, ECF 298).  And releasing Milchin after less than

half his sentence would not reflect the seriousness or nature and circumstances of his

offenses.  *See* 18 U.S.C. § 3553(a)(1), (2)(A).  Plus, given Milchin's past disregard for the

public health and safety, the Court believes he remains a danger to the community.

*See* § 3553(a)(2)(C).  These considerations lead the Court to deny Milchin's Motion.  *See*

*Pawlowski*, 967 F.3d at 331 (3d Cir. 2020) (affirming denial of compassionate release for at-risk inmate because "the § 3553(a) factors weigh[ed]" against release).

An appropriate Order follows.

BY THE COURT:


***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.