IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL MILCHIN | CRIMINAL ACTION<br>NO. 17-00284-1 |

Pappert, J.                                                                                                                June 4, 2024

## MEMORANDUM

For the seventh time in four years, Michael Milchin moves for compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A). The Court denies the Motion.

I

Milchin is currently serving a 168-month prison sentence for health care fraud, conspiracy to commit health care fraud, distribution of oxycodone, conspiracy to distribute oxycodone and possession of oxycodone with intent to distribute. (Judgment 1, ECF No. 297). Milchin sought compassionate release in May and December 2020, April and December 2021, July 2023 and March 2024. *See* (First Mot. for Release, ECF No. 437; Second Mot. for Release, ECF No. 463; Third Mot. for Release, ECF No. 476; Fourth Mot. for Release, ECF No. 495; Fifth Mot. for Release, ECF No. 518; Sixth Mot. for Release, ECF No. 532). The Court detailed the factual and procedural history of his case in its memoranda denying his first two motions. *See* (Aug. 4, 2020 Mem., ECF No. 458; Jan. 7, 2021 Mem., ECF No. 468).

Milchin's most recent motion argues, again, that family circumstances and his rehabilitation present extraordinary and compelling reasons for reducing his sentence. (Seventh Mot. for Release, ECF No. 537).

1

II

A

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).  But before releasing an inmate a court must also "consider[] the factors set forth in section 3553(a)."  *Id.*  Relevant factors include "the nature and circumstances of the offense" and the need for the sentence "to reflect the seriousness of the offense" and "protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1), (2)(A), (C).

B

Milchin wishes to care for his mother, who has cancer among other health issues and is terminally ill.  (Seventh Mot. for Release, p. 3).  The Court is sorry to learn of his mother's circumstances, but they do not present an extraordinary and compelling justification for release.  Release for family circumstances may only be appropriate when the defendant would be the only available caregiver for the parent.[1]  U.S.S.G. § 1B1.13.  Milchin's mother lives with her husband and has another son nearby.  *See* PSR ¶¶ 129-130.

Milchin's father, age seventy, states he is "battling health issues including recovery from a shattered hip," depression and anxiety.  (Seventh Mot. for Release, Osip Milchin Letter, pp. 1–2, ECF No. 537).  But none of these health issues permanently prevent him from caring for his wife.  *See also* (Mem. Den. Fifth Mot. for

---

[1] An amendment to § 1B1.13 of the Sentencing Guidelines, effective November 1, 2023, allows consideration of release to care for any immediate family member—not just spouses or minor children.  *See* § 1B1.13(b)(3)(D).  But § 1B1.13 still maintains the rule that the defendant be the only available caregiver.

Release, p. 3, ECF No. 525) ("hip replacement surgery, an increasingly common procedure, does not as a matter of course, permanently prevent someone" from caretaking duties). He also states that he cannot care for his wife twenty-four hours per day and "she will have to be placed in hospice care" "if Michael isn't given the chance to care full time for his mother." (*Id.*) These concerns do not present compelling reasons for release, either. No person can provide twenty-four-hour care and placing a loved one in hospice care is a difficult decision that countless families make.

Milchin also claims his brother, Robert, cannot care for their mother because Robert has no contact with his parents. (Seventh Mot. for Release, p. 3). But to support this claim, Milchin submits a letter from Robert, which belies the notion that Robert has no contact with the family. (Seventh Mot. for Release, Robert Milchin Letter, p. 5, ECF No. 537). Even if Robert no longer speaks to his parents, that does not make him unable to care for them. Indeed, Robert says he does not "wish to have anything to do with" his family; this wish is not synonymous with being unavailable. (*Id.*)

In his supplemental filing, Milchin requests to be released so that he can serve as an organ donor for his mother. (Suppl. Req. for Emergency Ruling on Mot. for Release, p. 1, ECF No. 540). He claims that under a pilot program through NYU Langone Health, family members can donate parts of their livers to be "grown in a lab and then be put into the cancer patient[s]" like his mother, and his family has reached out to both NYU Langone and University of Pittsburgh Medical Center about organ donations. (*Id.*) But Milchin offers no evidence that he has been screened for organ donation, let alone approved as a match for his mother. *See United States v. Ellsworth-*

*Daway*, 2021 U.S. Dist. LEXIS 125958, at *6–7 (E.D. Pa. July 7, 2021) (finding no extraordinary and compelling reason warranting compassionate release where defendant offered no evidence that there was an organ match); *United States v. Davis*, 2020 U.S. Dist. LEXIS 232221, at *3 (M.D. Fl. Dec. 9, 2020) (finding no extraordinary and compelling reason warranting compassionate release where defendant offered no evidence that he had been screened, or his organs were found suitable, for donation).

Finally, Milchin notes that he has completed twenty education classes, served as a teacher's aide and demonstrated good behavior in prison. (Seventh Mot. for Release, p. 3). Rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for release, but may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d), p.s. Milchin's commendable efforts at rehabilitation, even in combination with his mother's illness, are not enough to establish extraordinary and compelling circumstances.

III

Even if Milchin did present extraordinary and compelling reasons for releasing him, the § 3553(a) factors counsel against doing so. Milchin spearheaded a conspiracy to flood the community with opioids. *See* (Milchin's Sentencing Mem., pp. 3–4, ECF No. 298). He has served 84 months of his 168-month sentence. A significant portion of Milchin's sentence remains to be served—even after earning time under the First Step Act or otherwise—and releasing him would be inconsistent with the nature, circumstances and seriousness of his offenses. *See* 18 U.S.C. § 3553(a)(1), (2)(A). And

4

given his past disregard for the public health and safety, the Court believes he remains a danger to the community. *See* § 3553(a)(2)(C).

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.
