# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION<br>NO. 17-284 |
| MICHAEL MILCHIN | |

## MEMORANDUM ORDER

**AND NOW**, this 18th day of November, 2025, upon consideration of Michael Milchin's Emergency Motion for Compassionate Release (Dkt. No. 568) and the Government's Response (Dkt. No. 569), it is **ORDERED** that the Motion is **DENIED**.[1]

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

[1]  Milchin again seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). A court may grant compassionate release by reducing a defendant's sentence if, among other things, extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A). Milchin says that he misses his family and wants to visit his mom's grave, who died about one year ago. (Mot. for Compassionate Release at 2, Dkt. No. 568.) But these do not qualify as extraordinary and compelling reasons to support compassionate release. Milchin also suggests the Court should order home confinement. (*Id.* at 1–2.) But as the Government points out, courts lack the power to order home confinement. *See* 18 U.S.C. § 3621(b); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (explaining that courts "lack[] authority to change [a prisoner's] place of imprisonment" to "home confinement"); *see also United States v. Gray*, No. 09-150, 2020 WL 6822949, at *2 (E.D. Pa. Nov. 20, 2020) (explaining that courts are "without authority" under federal law to address a prisoner's "request for release to home confinement").